EDWARD R. GRICE AND CHARLES GRICE v. ORANGE NOBLE, WILLIAM H. COOPER, AND WILLIAM CREEVY.

[See 59 Mich. 515.]

*Contract for sawing logs—Evidence.*

1. " Upon a careful review, we do not think this case, after our previous consideration of it, presents any *substantially* new questions."

2. Where certain defects in sawing put the lumber in a lower grade on the market, and reduced its current value, testimony tending to show that a resawing could be had at a moderate price, which would prevent very much of this reduction, is admissible; and, if circumstances made such resawing practicable, the jury might very well have found it should have been had.

Error to Huron. (Beach, J.) Argued June 24, 1887. Decided July 7, 1887.

Assumpsit. Defendants bring error. Affirmed. The facts are stated in the opinion.

*James H. Hall,* for appellants.

*Winsor & Snover* (*H. B. Carpenter,* of counsel), for plaintiffs.

CAMPBELL, C. J. This is the same suit that was passed upon in 59 Mich. 515. It need not be restated. The error on which the case was reversed before is not now in the record. The suit was brought to recover for sawing a quantity of not very good logs, and the defense rests on bad sawing.

On the argument it was urged that the rulings on the former hearing were not such as defendants should have had; and it is further objected that some elements of explanation

or diminution of damages were improperly admitted against defendants.

Upon a careful review, we do not think the case, after our previous consideration of it, presents any substantially new questions. Under the declaration we do not think the action fails merely because the contract was not fully carried out. That question, if so decided, would have been as fatal on the former hearing as now, and we did not find it to stand in the way. We think, too, that the question of the rule of damages presents more apparent than real difficulty. It was claimed on the trial that certain defects in sawing put the lumber in a lower grade on the market, and reduced its current value. But there was evidence tending to show that a resawing could be had at a moderate price, which would prevent very much of this reduction. This testimony was certainly admissible ; and, if circumstances made such resawing practicable, the jury might very well have found it should have been had. It is quite possible that, under some circumstances, it would not be feasible. There was no charge given which would prevent the jury from applying the proper rule, and we must presume they acted correctly.

We see nothing else requiring extended comment. We think the judgment should be affirmed.

The other Justices concurred.